**WO**                                                                                              JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Duran, ) | No. CV 06-2309-PHX-MHM (DKD) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Chris Vasquez, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Plaintiff Enrique Duran filed this civil rights actions under 42 U.S.C. § 1983 against Chris Vasquez, the Pinal County Sheriff (Doc. #7). Before the Court is Defendant's "Motion to Dismiss for Failure to Comply with Order of Court" (Doc. #18). Plaintiff did not file a response. The Court will grant Defendant's motion and dismiss the action without prejudice for failure to prosecute.

**I.      Background**

Plaintiff filed this action on September 27, 2006 (Doc. #1). Within days of the initial filing, the Court sent Plaintiff a Notice of Assignment (Doc. #2). Next, Plaintiff submitted a First Amended Complaint, which the Court screened and dismissed for failure to state a claim (Doc. ##4-5). On December 26, 2006, Plaintiff filed a Second Amended Complaint (Doc. #7). The Court screened the amended pleading and ordered Defendant to answer Plaintiff's claims regarding the lack of clothing and bedding (Count I) and the overcrowded

1  conditions at the Pinal County Jail (Count II) (Doc. #9).[1]

2       Defendant filed an Answer (Doc. #15), and a Scheduling Order was issued on
3  September 6, 2007 (Doc. #16).  A copy of this Order sent to Plaintiff was returned in the mail
4  with a notation that Plaintiff was no longer at the Arizona State Prison Complex in Florence
5  (Doc. #17).

6       Defendant then moved to dismiss the action under Federal Rule of Civil Procedure
7  41(b) (Doc. #18).  Defendant argued that Plaintiff failed to comply with the Court's Orders
8  to (1) pay the balance of the filing fee upon his release and (2) provide a notice of change of
9  address (id.).  On October 25, 2007, the Court sent Plaintiff notice of Defendant's motion and
10  advised him of his obligation to respond (Doc. #19).  That notice was returned in the mail
11  (Doc. #20).  About six weeks later, the Court issued an Order withdrawing the reference to
12  the Magistrate Judge as to the Motion to Dismiss (Doc. #21).  The copy of this Order was
13  also returned in the mail (Doc. #22).

14  **II.    Failure to File Notice of Address Change**

15       Local Rule of Civil Procedure 3.4(a) requires that a prisoner-litigant comply with the
16  instructions attached to the court-approved complaint form.  Those instructions state: "You
17  must immediately notify the clerk . . . in writing of any change in your mailing address.
18  Failure to notify the court of any change in your mailing address may result in the dismissal
19  of your case."  Information and Instructions for a Prisoner Filing Civil Rights Complaint at
20  2 ¶ H.  The Court has no affirmative obligation to locate Plaintiff.  "A party, not the district
21  court, bears the burden of keeping the court apprised of any changes in his mailing address."
22  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).  If the Court were to order
23  Plaintiff to show cause why dismissal is not warranted, the Order "would only find itself
24  taking a round trip tour through the United States mail."  Id.  The Court is also not required
25  to hold the matter in abeyance.  "It would be absurd to require the district court to hold a case
26  in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact

27  _____
28       [1]Upon screening, the Court dismissed Count III for failure to state a claim (Doc. #9).

1   the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or

2   not." Id.

3   **III.   Failure to Prosecute**

4          In both the Notice of Assignment and the Service Order, the Court warned Plaintiff

5   that he must notify the Court of any address changes and that failure to do so may result in

6   the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil

7   Procedure 41(b) (Doc. ##2, 9).  Defendant seeks dismissal under Rule 41(b) for Plaintiff's

8   failure to abide by these Court Orders (Doc. #18).

9          Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these

10  rules or a court order, a defendant may move to dismiss the action or any claim against it."

11  In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even

12  without notice or a hearing. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962).

13         In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

14  the Court must weigh the following five factors: "(1) the public's interest in expeditious

15  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

16  the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5)

17  the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v.

18  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the

19  imposition of sanctions in most cases, while the fourth factor cuts against a default or

20  dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."

21  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

22         Here, the first, second, and third factors favor dismissal of this case.  Plaintiff has not

23  provided the Court with his present address, and the Court has received returned mail since

24  September 2007.  Plaintiff's failure to keep the Court informed of his address prevents the

25  case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against

26  dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative

27  is available.  Without Plaintiff's current address, however, certain alternatives are bound to

28  be futile.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Because Plaintiff has failed to comply with the rules and Orders of the Court and thereby has failed to prosecute this action, the Court will grant Defendant's motion and dismiss this action without prejudice pursuant to Rule 41(b).

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. #18) is **granted**.

(2) The Second Amended Complaint and this action are dismissed without prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 25th day of March, 2008.

_____
Mary H. Murguia
United States District Judge